UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ANDREW INOA,

                        Plaintiff,                               **MEMORANDUM & ORDER**

      – against –                                           17-CV-5773 (PKC)

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
-----------------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

        Plaintiff Andrew Inoa ("Plaintiff") brings this action under 42 U.S.C. § 405(g), seeking judicial review of the Social Security Administration's ("SSA") denial of his claim for Supplemental Security Income ("SSI"). The parties have cross-moved for judgment on the pleadings. (Dkts. 9, 14.) For the reasons set forth below, the Court grants Plaintiff's motion for judgment on the pleadings and denies the Commissioner's motion. The case is remanded for further proceedings consistent with this Order.

## BACKGROUND

        Plaintiff filed an application for SSI on February 25, 2014, claiming that he had been disabled since August 18, 2008. (Tr. 11.)[1] The claim was initially denied on September 2, 2014. (Tr. 11.) After his claim was denied, Plaintiff requested a hearing on September 17, 2014 and appeared before an administrative law judge ("ALJ") on July 11, 2016. (Tr. 38–55, 136–37.) By decision dated August 24, 2016, ALJ Ifeoma N. Iwuamadi found that Plaintiff was not disabled within the meaning of the Social Security Act, from the date of his application on February 25, 2014, through the date of the ALJ's decision. (Tr. 31.) On September 20, 2016, Plaintiff requested a review of the decision by the Appeals Council. (Tr. 6.) The Appeals Council denied the request for review on August 1, 2017.

---

[1] All references to "Tr." refer to the consecutively paginated Administrative Transcript.

(Tr. 1–4.) Based upon this denial, Plaintiff timely filed this action seeking reversal or remand of ALJ Iwuamadi's August 24, 2016 decision.

## DISCUSSION

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004). If there is substantial evidence in the record to support the Commissioner's factual findings, they are conclusive and must be upheld. 42 U.S.C. § 405(g). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (quotations and brackets omitted). In determining whether the Commissioner's findings were based upon substantial evidence, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Id.* (quotation omitted). However, the Court "defer[s] to the Commissioner's resolution of conflicting evidence." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012). If there is substantial evidence in the record to support the Commissioner's findings as to any fact, those findings are conclusive and must be upheld. 42 U.S.C. § 405(g).

Plaintiff argues that the ALJ erred in its evaluation of Plaintiff's residual functional capacity ("RFC") in two ways: first, the ALJ failed to give controlling weight to Plaintiff's treating physician (Mem. of Law in Supp. of Pl.'s Mot. for J. on the Pleadings, Dkt. 10, at ECF[2] 12–19) and; second, the ALJ improperly concluded that Plaintiff's treatment was conservative (*id.* at 19–

---

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

24). For the reasons stated below, the Court agrees. Therefore, the Commissioner's decision is remanded.

First, the ALJ gave "little weight" to Plaintiff's treating psychiatrist, Dr. Raymond Tam, who has treated Plaintiff since 2012 for major depressive disorder, bipolar disorder, and anxiety. (Tr. 22, 26, 29.) "With respect to the nature and severity of a claimant's impairments, the SSA recognizes a treating physician rule[3] of deference to the views of the physician who has engaged in the primary treatment of the claimant." *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (quotations, brackets, and citations omitted). In relevant part, the ALJ found that Dr. Tam's opinions that "the claimant is unable to perform activities of daily living" and "is unable to control his diabetes properly due to his psychiatric impairments" were "not consistent with the evidence, which instead shows that the problems with controlling his diabetes [and its side effects] are caused by the claimant sleeping late and missing his medications, and by his noncompliance with diet recommendations." (Tr. 29; *see also* Tr. 27.) Even assuming the ALJ is correct that medical noncompliance is the cause of Plaintiff's inability to manage his diabetes, there is no medical basis for the ALJ's conclusion that medical noncompliance is unrelated to Plaintiff's psychiatric impairments. In fact, the consultative examiner, Dr. Johari Massey, whose opinion the ALJ gave "significant weight" (Tr. 28–29), similarly found that "[t]he claimant's psychiatric symptoms interfere with . . . task completion" and that "[t]he results of the [consultative] evaluation appear to be consistent with psychiatric problems and this may significantly interfere with the claimant's ability to function on a daily basis" (Tr. 685–86).

---

[3] Although "[t]he current version of the [Social Security Act]'s regulations eliminates the treating physician rule," the rule nevertheless applies to Plaintiff's claim as the current regulations only "apply to cases filed on or after March 27, 2017." *Burkard v. Comm'r of Soc. Sec.*, No. 17-CV-290, 2018 WL 3630120, at *3 n.2 (W.D.N.Y. July 31, 2018); 20 C.F.R. § 404.1520(c).

3

Moreover, the record is replete with evidence that Plaintiff's sleeping problems and failure to follow his doctors' diet recommendations appear to be caused by his depression and other psychiatric impairments. (*See, e.g.*, Tr. 42, 45, 47, 50, 279–81, 441–43, 451–52, 456, 458, 490–95, 497 ("[Patient] continues to have a difficult time accepting his physical limitations as well as his depression that immobilizes him at times."); Tr. 498; Tr. 501 ("[Plaintiff] admitted at times he can't get off the couch even when he wants to do so sometimes."); Tr. 503; Tr. 505 ("[Plaintiff] admitted he does not like being disabled [and] tries to ignore everything, hoping everything will just go away."); Tr. 507; Tr. 516 ("[Patient] is not doing well. He reported he feels like he is sinking, the depression is not getting better [and] he has difficulty completing tasks."); Tr. 523 ("[Patient] also admitted he has a hard time asking for help [and] getting his needs met."); Tr. 529, 538-41, 676–78, 682–87, 714, 719, 723; Tr. 766 (noting that Plaintiff has "severe insomnia"); Tr. 770–71.)

Therefore, it was error for the ALJ to disregard the opinions of the treating physician and consultative examiner to draw her own medical conclusions about Plaintiff's RFC. *See Hillsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 347 (E.D.N.Y. 2010) ("Because an RFC determination is a medical determination, an ALJ who makes an RFC determination in the absence of supporting expert medical opinion has improperly substituted his own opinion for that of a physician, and has committed legal error."). The ALJ's approach in this case violated the basic rule that "[t]he ALJ is not permitted to substitute his [or her] own expertise or view of the medical proof for the treating physician's opinion" or a qualified expert. *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015). Therefore, the case is remanded for further development of the record. *See Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) ("[W]here we are unable to fathom the ALJ's rationale in relation to evidence in the record, especially where credibility determinations and

4

inference drawing is required of the ALJ, we will not hesitate to remand for further findings or a clearer explanation for the decision." (quotations omitted)).

Second, the ALJ determined that Plaintiff retained the ability to perform "basic work activities" based, in part, on the fact that "claimant's medical treatment has been conservative." (Tr. 28.) Specifically, the ALJ noted that Plaintiff "has not been hospitalized for his impairments" and "[h]is medications are not usual for either type or dosage." (*Id.*) However, the record contains nothing upon which the ALJ could find that Plaintiff's treatment—including prescription drugs Risperdal and Seroquel, as well as therapy (Tr. 244, 542, 653)—was conservative. An ALJ's finding of "conservative" treatment is not supported by the record where "the ALJ does not explain why plaintiff's course of medication . . . is considered conservative treatment, [and] there is no evidence that more aggressive treatment options were available or determined to be medically appropriate for plaintiff." *Medick v. Colvin*, No. 16-CV-341, 2017 WL 886944, at *12 (N.D.N.Y. Mar. 6, 2017).

Here, as Plaintiff correctly states, "[n]o mental health source in the record recommended more aggressive treatment or found the level of treatment prescribed inconsistent with a finding of disability." (Mem. of Law in Supp. of Pl.'s Mot. for J. on the Pleadings, at ECF 22; Tr. 686 (Dr. Massey's finding that claimant's prognosis was "[g]uarded given his persistence of symptoms despite treatment")); *see also Voigt v. Colvin*, 781 F.3d 871, 876 (7th Cir. 2015) ("The institutionalization of the mentally ill is generally reserved for persons who are suicidal, otherwise violent, demented, or . . . incapable of taking even elementary care of themselves. . . . But it doesn't follow, as the [ALJ] may have thought, that [plaintiff] is therefore capable of gainful employment."). Therefore, the case should be remanded for further development of the record. *See Shaw v. Chater*, 221 F.3d 126, 134–35 (2d Cir. 2000) ("Essentially, the ALJ . . . imposed [her]

5

notion that the severity of a [mental] impairment directly correlates with the intrusiveness of the medical treatment ordered. This is not the overwhelmingly compelling type of critique that would permit the Commissioner to overcome an otherwise valid medical opinion.").

## CONCLUSION

For the reasons set forth above, the Court grants Plaintiff's motion for judgment on the pleadings and denies the Commissioner's cross-motion. The Commissioner's decision is remanded for further consideration consistent with this Order. The Clerk of Court is respectfully requested to enter judgment and close this case.

SO ORDERED.

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: March 7, 2019
      Brooklyn, New York